**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**MARK FALK**<br>**UNITED STATES MAGISTRATE JUDGE** | **USPO & COURTHOUSE**<br>**1 FEDERAL SQ., ROOM 457**<br>**NEWARK, NJ 07101**<br>**(973) 645-3110** |

November 6, 2008

**LETTER ORDER**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

| | |
|---|---|
| Mr. Eugene R. Wilson, Jr., Pro Se<br>#514412/#630262A<br>Northern State Prison<br>P.O. Box 2300<br>Newark, N.J. 07114<br>**Via CM, RRR & First Class Mail** | Sean X. Kelly, Esq.<br>Marks, O'Neill, O'Brien, P.C.<br>Cooper River West<br>6981 N. Park Drive, Suite 300<br>Pennsauken, N.J. 08109 |

    Re:    **Wilson v. Correctional Medical Services, Inc. et al.**
            **Civil Action No. 07-5826 (WJM)**

Dear Litigants:

      This matter comes before the Court on pro se plaintiff's application to amend his complaint. I have considered the papers submitted in support of the application. For the reasons set forth below, plaintiff's application is **granted**.

      On May 30, 2008, plaintiff filed a complaint against defendants alleging, amongst other things, violation of his constitutional rights. On August 26, 2008, defendants filed a motion to dismiss the complaint for failure to state a claim. On September 5, 2008, plaintiff filed an application to amend his complaint. Defendants have not filed opposition to plaintiff's application.

      Motions to amend pleadings are governed by Federal Rule of Civil Procedure 15(a) which provides, in relevant part: "A party may amend the party's pleading *once as a matter of course at any time before a responsive pleading is served* . . . . Otherwise . . . a party may amend the party's pleading only by leave of court or by written consent of the adverse party . . . ." Fed. R. Civ. P. 15(a) (emphasis added). The United States Court of Appeals for the Third Circuit has held that "neither a motion to dismiss the complaint, nor a motion for summary judgment, constitutes a responsive pleading under [Rule 15(a)]." Centifanti v. Nix, 865 F.2d 1422, 1431 n.9 (3d Cir. 1989); accord Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). As a result, a plaintiff has an unqualified right

to amend the complaint one time prior to the filing of an answer.[1]  See Naples v. New Jersey Sports & Exposition Authority, 102 F. Supp. 2d 550, 552 (D.N.J. 2000).  When an amended pleading is filed as of right, the plaintiff need not seek leave of court or make a motion and may simply file the amended complaint with the court.  See, e.g., Centifanti, 865 F.2d at 1431.

In a case with multiple defendants (such as this one), a plaintiff is entitled to amend the complaint, once as a matter of right, as to any defendant that has not individually filed a responsive pleading.  See, e.g., Wright & Miller, Federal Practice and Procedure § 1481; Barksdale v. King, 699 F.2d 744, 747 (5th Cir. 1983); Boyd v. District of Columbia, 465 F. Supp. 2d 1, 3 (D.D.C. 2006).  Significantly, when a pleading is amended as of right, courts do not consider claims of prejudice, delay or futility.  See Sunset Financial Resources, Inc. v. Redevelopment Group V, LLC, 417 F. Supp. 2d 632, 641 n.14 (D.N.J. 2006) (internal quotations omitted).

Here, none of the defendants have filed a responsive pleading. Therefore, plaintiff may amend his complaint as a matter of right. Fed. R. Civ. P. 15(a).  Accordingly, plaintiff is directed to file his amended complaint within 20 days of the date of this order.


**SO ORDERED.**

/s/ Mark Falk
**MARK FALK**
**United States Magistrate Judge**

Orig.: Clerk of the Court
cc:  Hon. William J. Martini, U.S.D.J.
     All Parties
     File

---

[1] While some courts have held that the automatic right to amend eventually expires, it is widely accepted that such time is not until after a complaint has been dismissed.  See Phillips v. Borough of Keyport, 179 F.R.D. 140, 145-46 (D.N.J. 1998); Wright & Miller, Federal Practice and Procedure § 1483.

2