UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EUGENE R. WILSON,** | Civil Action Number: 2:07-5826 |
| Plaintiff, | |
| v. | **OPINION** |
| **CORRECTIONAL MEDICAL SERVICES,** *et al.*, | HON. WILLIAM J. MARTINI |
| Defendants. | |

**OPINION**[1]

I.   **INTRODUCTION**

In this civil rights action asserting both federal and state theories of liability, the plaintiff, a state prisoner, alleges that he was seriously injured by improper medical care (including the alleged lack thereof). Defendants Correctional Medical Services, Niranjana Shah, M.D., Jeane Betha, C.M.A., and Rosenleine Prophete's, R.N. ("Medical Defendants") have brought a motion to dismiss (the "Motion"), arguing that Plaintiff failed to exhaust his administrative remedies. The matter was briefed and, in addition, Plaintiff was also

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the Court's record and to authority cited herein may be inserted. No endorsement of any provider of electronic or other resources is intended by the Court's practice of using hyperlinks.

specifically directed by the Court to explain what actions he took to exhaust his claim. (Doc. Nos. 48, 51.)

For the reasons explained below, the Court will **GRANT** in part, and **DENY** in part the Motion, (Doc. No. 25).

I.  **FACTS, PROCEDURAL POSTURE, AND THE CONTENTIONS OF THE PARTIES**

On December 6, 2007, Plaintiff filed a complaint alleging that, while incarcerated in Northern State Prison, he was denied proper medical treatment for a serious medical condition. (Doc. No. 1.) On December 3, 2008, he filed an amended seventeen-count complaint, asserting a variety of federal and state causes of action, the latter ostensibly falling under the Court's supplemental jurisdiction. More specifically, Plaintiff asserted a cause of action under 42 U.S.C. §1983, alleging that, while incarcerated, he was denied proper medical treatment for a serious medical condition in violation of his Eighth Amendment right against cruel and unusual punishment and in violation of his due process rights under the Fifth and Fourteenth Amendments. (Doc. No. 23.)

The Medical Defendants' Motion is now fully briefed. *See* The Opening Brief, (Doc. No. 25); Opposition Brief, (Doc. No. 28); Reply Brief, (Doc. No. 29); and Sur Reply Brief, (Doc. No. 30). The Medical Defendants argued in their Motion that Plaintiff failed to exhaust his administrative remedies. Opening Brief 35-38. The Court ordered supplemental briefing from both parties on this issue. (Doc. Nos. 48, 51.) The Medical Defendants state, and it is

not disputed, that the Northern State Prison has a system in place through which prisoners may seek to vindicate grievances administratively prior to bringing suit in court. *See* Opening Brief 35-38; Brooks Aff., (Doc. No. 52); Inmate Handbook, (Doc. No. 52-1); 42 U.S.C. § 1997e; *Concepcion v. Morton*, 306 F.3d 1347, 1355 (3d Cir. 2002) (holding that the exhaustion process put forward in a prison handbook applies even if the handbook was not adopted by the state administrative agency). Here, the Medical Defendants put forward Plaintiff's (purported) grievance forms, also known as Inmate Request Forms ("IRFs"), and further noted that Plaintiff failed to take an appeal in regard to any of them. *See* Brooks Aff., (Doc. No. 52).

Plaintiff makes several responses to this argument. *First*, he argues that there were other IRFs relating to this matter, that is, IRFs in addition to those put forward by the Medical Defendants in their supplemental filing on the exhaustion issue. In responding to the Medical Defendants' argument, Plaintiff did not actually supply the missing IRFs; rather, Plaintiff claimed that the missing IRFs were in the file in the clerk's office. *See* Doc. No. 1-2 (providing the IRFs as an attachment to the original complaint); Doc. No. 28-2 (providing IRFs as exhibits to Plaintiff's opposition brief). *Second*, he claims that because of the continuing nature of the harm caused by the Defendants, his "wait[ing] for a 30 day appeal from the administration would have been redundant or frivolous." (Doc. No. 56 at 1.) *Third*, he asserts that there were some IRFs which were put in the appeal process, although he fails to specify in any way which IRFs were appealed, or if they were the ones put forward by the

Medical Defendants, or if they were the ones the Medical Defendants failed to put forward.

## II.     STANDARD OF REVIEW

The Motion is brought pursuant to Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. at 555).

In considering a Rule 12(b)(6) motion to dismiss, the court generally relies on the

complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). Generally, the court may not rely on other parts of the record in determining a motion to dismiss. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

## III.  ANALYSIS

The Prison Litigation Reform Act (the "PLRA") of 1995, as codified at 42 U.S.C. § 1997e, states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).[2] The exhaustion of all administrative remedies, *at all*

---

[2] Generally, the failure to exhaust administrative remedies is an affirmative defense under the PLRA. *See Jones v. Bock*, 549 U.S. 199 (2007). Defendants "have the burden of pleading and proving the defense in a motion for summary judgment or at trial." *Kounelis v. Sherrer*, Civil Action No. 04-4714, 2005 WL 2175442, at *6 (D.N.J. Sept. 6, 2005). As explained below, dismissal under the Rule 12(b)(6) standard based on the exhaustion defense

*levels of review*, is mandatory, even if (1) the prisoner believes they are ineffective, or (2) the available administrative process cannot grant the desired remedy. *Booth v. Churner*, 532 U.S. 731, 739-41 (2001); *see Porter v. Nussle*, 534 U.S. 516, 524 (2002). Therefore, to comply with the PLRA, a prisoner must properly exhaust administrative remedies as a precondition to bringing a federal claim in federal court, or risk defaulting the claim. *Warren v. Pennsylvania*, 316 Fed. Appx 109, 112 (3d Cir. 2008).

The Medical Defendants have put forward nine IRFs as both relevant to the instant dispute and as the *only* ones Plaintiff entered into the grievance system. These nine IRFs are dated between December 6, 2007 and March 21, 2009. This suit was brought by Plaintiff on December 6, 2007, as such grievances filed after December 6, 2007 are largely irrelevant to this suit, and probably were not the ones contemplated by Plaintiff in his papers.

Indeed, Plaintiff argues that the IRFs put forward by the Medical Defendants are not the only ones he filed relevant to this dispute. The Court agrees. Plaintiff filed with the Court – on two occasions – nine IRFs dated between December 23, 2006 and September 17, 2007: all dated prior to the start of this lawsuit. *See* Doc. No. 1-2 (attachment to the original complaint); Doc. No. 28-2 (exhibit to Plaintiff's opposition brief).

However, each of these IRF forms – on their face – provided a space on the form for the prisoner to appeal the administrative decision rendered. *Id*. at 1 (see Part IV of the form). Every one of the IRFs put forward by the Plaintiff has left the section providing for an appeal

---

is appropriate on the particular facts of this case.

blank. In regard to each of these IRF forms, Plaintiff failed to take an administrative appeal – i.e., he failed to exhaust. (Just as he failed to appeal or exhaust in regard to each of the IRFs supplied by the Medical Defendants, where, here too, in each of these nine IRFs, Part IV was again left blank.) Standing alone, this appears to be a sufficient basis to dismiss this action.

Second, Plaintiff admitted in his most recent filing that he failed to exhaust his remedies: arguing that "wait[ing] for a 30 day appeal from the administration would have been redundant or frivolous." (Doc. No. 56 at 1.) The PLRA demands that the Plaintiff exhaust. Although a prisoner need only exhaust "available" remedies, he cannot escape the requirements of the PLRA merely by characterizing the process provided by the state as redundant or frivolous. Again, standing alone, Plaintiff's admission in his brief, apart from any evidence in the record, appears to be a sufficient basis to dismiss this suit under the Rule 12(b)(6) standard.

Finally, Plaintiff argues that he did, in fact, appeal some of his IRFs. This factual allegation is undermined by his own exhibits (none of which indicate that any appeal was taken), and also undermined by the Medical Defendants exhibits (none of which indicate that any appeal was taken).

To the extent that Plaintiff is suggesting there are some other IRFs, not supplied by him and not supplied by the Medical Defendants, which had been properly appealed (and

thereby exhausted),[3] then that conclusory factual allegation comes absent any specificity or detail: What particular grievance did it seek to vindicate?; In relation to a harm occurring on what date?; When was the IRF initially filed; When was appeal taken?; And what remedy was he offered (if any) by the administration? Without these details, even assuming there were some IRFs which neither party supplied as an exhibit, that is, even taking Plaintiff's factual allegation in regard to the existence of unreturned but otherwise appealed and exhausted IRFs as true, there is no reason to believe that the missing IRFs would furnish a sufficient basis for the *legal* claims at issue in this litigation. Cf. Twombly, 550 U.S. at 555.

Nevertheless, the Court notes and is troubled by the fact that the nine IRFs supplied by the Plaintiff, which on their face appear to be relevant to this litigation, were not supplied by Brooks in her declaration on behalf of the Medical Defendants. Indeed, that declaration referenced other IRFs as at issue in this litigation, and indicated that no other such relevant IRFs had been filed by Wilson. This appears to be an error on Brooks' part, and it may indicate that the Medical Defendants and Brooks misunderstood the Amended Complaint or did not do an adequate search of their records, which if done, may reveal other IRFs which were, in fact, properly initially filed, appealed, and exhausted.

Therefore, the Court will direct the Medical Defendants and Brooks to do a thorough, complete, and diligent search of their records for all other IRFs which may be relevant to this

---

[3] *See* Plaintiff's Opposition to the Brooks' Declaration ("[T]here were IRFs that were put in the administrative appeal process, and which were never answered or returned ...."), (Doc. No. 56 at 1).

action, and to supply the Court and Plaintiff with a copy of all such IRFs within 10 days from the entry of this opinion and order in conjunction with a certification or declaration explaining what was found. If no such IRFs are found (beyond the eighteen produced to date in this litigation), then the Medical Defendants and Brooks shall file within 10 days from the entry of this opinion and order a certification or declaration stating that no additional IRFs were found.

Plaintiff shall file a response to the Medical Defendants' declaration or certification within 15 days from the date the Medical Defendants file their certification or declaration.

The Court will delay entering a final order on the Motion until that time.

IV.    **CONCLUSION**

The Medical Defendants and Brooks are ordered to do a thorough, complete, and diligent search of their records for all other IRFs which may be relevant to this action, and to supply the Court and Plaintiff with a copy of all such IRFs within 10 days from the entry of this opinion and order in conjunction with a certification or declaration explaining what was found. If no such IRFs are found (beyond the eighteen produced to date in this litigation), then the Medical Defendants and Brooks shall file within 10 days from the entry of this opinion and order a certification or declaration stating that no additional IRFs were found.

Plaintiff shall file a response to the Medical Defendants' declaration or certification

within 15 days from the date the Medical Defendants file their certification or declaration.

The Court will delay entering a final order on the Motion until that time.

An appropriate order accompanies this opinion.

|  |  |
|---|---|
|  | s/ William J. Martini |
| **DATE: March 17, 2010** | **William J. Martini, U.S.D.J.** |