## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EUGENE R. WILSON,** | **Civil Action Number: 2:07-5826** |
| **Plaintiff,** | |
| **v.** | **OPINION** |
| **CORRECTIONAL MEDICAL SERVICES,** *et al.*, | **HON. WILLIAM J. MARTINI** |
| **Defendants.** | |

## <u>OPINION</u>[1]

### I.    INTRODUCTION

In this civil rights action asserting both federal and state theories of liability, the plaintiff, a state prisoner, alleges that he was seriously injured by improper medical care (including the alleged lack thereof). Defendants Correctional Medical Services ("CMS"), Niranjana Shah, M.D., Jeane Betha, C.M.A., and Rosenleine Prophete's, R.N. ("Medical Defendants") have brought a motion to dismiss, arguing that Plaintiff failed to exhaust his administrative remedies.

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the Court's record and to authority cited herein may be inserted. No endorsement of any provider of electronic or other resources is intended by the Court's practice of using hyperlinks.

After initial briefing on the exhaustion issue, the Court issued an opinion. In that opinion, the Court explained that Plaintiff's Inmate Request Forms or IRFs indicate that Plaintiff took no administrative appeals from his initial administrative grievances and that this would indicate that he failed to exhaust his administrative remedies as required by statute. Rather than terminate this action at that time, the Court, in an abundance of caution, directed the Department of Corrections ("DOC") to do a "complete, and diligent search of their records for all other [Inmate Request Forms] which may be relevant to this action, and to supply the Court and Plaintiff with a copy of all such IRFs ... in conjunction with a certification or declaration explaining what was found. " Plaintiff was given an opportunity to respond. Plaintiff requested an extension in which to respond, which was granted, and then Plaintiff responded.

For the reasons explained below, the Court will **GRANT** the Medical Defendants' Motion to Dismiss, (Doc. No. 15), as to all Defendants on exhaustion grounds, the remaining motions to dismiss, (Doc. No. 59 & Doc. No. 67), are **DISMISSED** as moot, the state law claims are dismissed without prejudice, and this action is **TERMINATED**.

# I.   FACTS, PROCEDURAL POSTURE, AND THE CONTENTIONS OF THE PARTIES

The parties are referred to the Court's prior opinion and order of March 17, 2010. Since that time, the parties have filed as exhibits additional IRFs filed by Wilson. None of the filings, put forward by either party, indicate that Plaintiff took an administrative appeal of any his IRFs which were filed during the time period at issue in this litigation.

-2-

Plaintiff argues that he did not file appeals because such filings would have been "redundant or frivolous," because by the time such an appeal would have been addressed he had filed additional initial grievances alleging the same wrong. Plaintiff also argues that he acted vigorously to pursue relief and even if he did not always file formal administrative appeals, he wrote any number of government offices supporting his claim for relief and asserting the injuries done to him by the Medical Defendants and others. Additionally, these grievances were – so Wilson alleges – being forwarded to the Medical Department or CMS as a matter of course, so his writing CMS functioned as an appeal. Finally, Plaintiff alleges that it is common practice for prison officials not to return IRFs, thereby precluding appeals of grievances.

## II.    STANDARD OF REVIEW

The Motion is brought pursuant to Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This

requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id*. Furthermore, in order satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. at 555).

In considering a Rule 12(b)(6) motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). Generally, the court may not rely on other parts of the record in determining a motion to dismiss. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

## III.   ANALYSIS

The Prison Litigation Reform Act (the "PLRA") of 1995, as codified at 42 U.S.C.

§ 1997e, states that "[n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).[2] The exhaustion of all administrative remedies, *at all levels of review*, is mandatory, even if (1) the prisoner believes they are ineffective, or (2) the available administrative process cannot grant the desired remedy. *Booth v. Churner*, 532 U.S. 731, 739-41 (2001); *see Porter v. Nussle*, 534 U.S. 516, 524 (2002). Therefore, to comply with the PLRA, a prisoner must properly exhaust administrative remedies as a precondition to bringing a federal claim in federal court, or risk defaulting the claim. *Warren v. Pennsylvania*, 316 Fed. Appx 109, 112 (3d Cir. 2008).

As explained, not one of the IRFs put forward by either party indicates that Plaintiff ever took an administrative appeal of any of his grievances filed in connection with this matter. Plaintiff does not even squarely deny this in his multiple filings. Plaintiff's characterization of the mandatory administrative appeals process as "redundant or frivolous" does not excuse his noncompliance or render those procedures "unavailable" to him. Moreover, Plaintiff's position that writing other government offices or CMS directly because

---

[2] Generally, the failure to exhaust administrative remedies is an affirmative defense under the PLRA. *See Jones v. Bock*, 549 U.S. 199 (2007). Defendants "have the burden of pleading and proving the defense in a motion for summary judgment or at trial." *Kounelis v. Sherrer*, Civil Action No. 04-4714, 2005 WL 2175442, at *6 (D.N.J. Sept. 6, 2005). As explained below, dismissal under the Rule 12(b)(6) standard based on the exhaustion defense is appropriate on the particular facts of this case.

-5-

appeals were being referred to them as a matter of course does not excuse his noncompliance. His argument is not supported by any law.

His argument that as a matter of common practice, IRFs are regularly not returned by prison officials (before or after appeal) is troubling. But the question is not what the common practice is or is not in regard to other prisoners or involving other disputes between the DOC and Wilson, but whether Wilson's IRFs were returned to him after he filed his initial grievances in connection with this matter. Even the IRFs Wilson filed as exhibits in this action do not show that any appeals were taken: obviously those IRFs were returned to him. And Wilson does not argue that the collection of IRFs he put forward as exhibits is less than a complete set, nor does he offer any specifics in regard to any missing IRFs allegedly withheld by DOC. What particular grievance did such allegedly missing IRFs seek to vindicate?; in relation to a harm occurring on what date?; when was the IRF initially filed; when was appeal taken?; and what remedy was he offered (if any) by the administration? Without these details, even assuming there were some IRFs which neither party supplied as an exhibit, that is, even taking Plaintiff's factual allegation in regard to the existence of unreturned but otherwise appealed and exhausted IRFs as true, there is no reason to believe that the missing IRFs would furnish a sufficient basis for the *legal* claims at issue in this litigation. *Cf.* Twombly, 550 U.S. at 555.[3] For these reasons, it appears that Defendants'

---

[3] The Court has also considered the possibility that Plaintiff filed an initial grievance, but the IRF was not returned. In these circumstances, it might be argued that an appeal was not available and so is excused. But here too, Plaintiff makes no showing at all. He offers no specificity or detailed allegations in regard to any IRFs which do not appear in the record. Absent such credible allegations,

exhaustion defense succeeds. The Court will exercise its discretion not to hear the supplemental state law claims, which are dismissed without prejudice.

## IV.   CONCLUSION

For the reasons explained above, the Court **GRANTS** the Medical Defendants' Motion to Dismiss, (Doc. No. 15), as to all Defendants on exhaustion grounds, the remaining motions to dismiss, (Doc. No. 59 & Doc. No. 67), are **DISMISSED** as moot, the state law claims are dismissed without prejudice, and this action is **TERMINATED**.

s/ William J. Martini

**DATE: June 15, 2010**              **William J. Martini, U.S.D.J.**

---

Defendants' exhaustion defense would appear to succeed.